******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

# STATE OF CONNECTICUT *v.* JULIO TORRES
## (AC 38571)

Keller, Mullins and Lavery, Js.*

*Syllabus*

Convicted, after a jury trial, of the crime of murder, the defendant appealed, claiming, inter alia, that certain portions of the trial court's instruction to the jury on reasonable doubt and the cumulative effect of those portions of the instruction constituted plain error. This court affirmed the defendant's conviction, holding that he had waived his challenge to the reasonable doubt instruction. Thereafter, the defendant, on the granting of certification, appealed to our Supreme Court, which remanded the case to this court for consideration of the defendant's claim of plain error. *Held* that there was no merit to the defendant's claim that the trial court's reasonable doubt instruction constituted plain error; our Supreme Court has consistently upheld instructions with language similar to the portions of the instruction challenged by the defendant, and has rejected the cumulative error approach with respect to claims of instructional error, and this court was bound by and would not reevaluate Supreme Court precedent.

Argued September 13—officially released November 7, 2017

*Procedural History*

Information charging the defendant with the crime of murder, brought to the Superior Court in the judicial district of Hartford and tried to the jury before *Dewey, J.*, verdict and judgment of guilty, from which the defendant appealed to the Supreme Court, which transferred the appeal to this court, which affirmed the judgment of the trial court; thereafter, the defendant, on the granting of certification, appealed to the Supreme Court, which remanded the case to this court for consideration of the defendant's claim of plain error. *Affirmed.*

*James B. Streeto*, senior assistant public defender, for the appellant (defendant).

*Bruce R. Lockwood*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Robin D. Krawczyk*, senior assistant state's attorney, for the appellee (state).

*Opinion*

LAVERY, J. The defendant, Julio Torres, was convicted of murder in violation of General Statutes § 53a-54a and was sentenced to fifty years of imprisonment. He appealed, claiming, among other things, that portions of the trial court's instruction on reasonable doubt constituted plain error. The defendant also claimed that the cumulative effect of these portions of the instruction constituted plain error. This court affirmed the defendant's conviction, holding that he waived his challenge to the reasonable doubt instruction under *State* v. *Kitchens*, 299 Conn. 447, 10 A.3d 942 (2011). See *State* v. *Torres*, 168 Conn. App. 611, 627–29, 148 A.3d 238 (2016). The defendant filed a petition for certification to appeal, claiming that this court improperly declined to review the reasonable doubt instruction for plain error. Our Supreme Court granted the petition and remanded the case to this court for consideration of his plain error claim in light of its recent decision in *State* v. *McClain*, 324 Conn. 802, 812–15, 155 A.3d 209 (2017), which held that a *Kitchens* waiver does not preclude appellate relief under the plain error doctrine. *State* v. *Torres*, 325 Conn. 919, 163 A.3d 618 (2017). After further review, we affirm the judgment of the trial court.

The following facts are pertinent to our decision. At trial, the court gave the following instruction to the jury concerning reasonable doubt: "The meaning of reasonable doubt can be arrived at by emphasizing the word reasonable. *It is not a surmise, a guess or mere conjecture.* It is not a doubt raised by anyone simply for the sake of raising a doubt. *It is such a doubt as in serious affairs that concern you, you would pay attention to; that is, such a doubt as would cause reasonable men and women to hesitate to act upon it in matters of importance.* It is not a hesitation springing from any feelings of pity or sympathy for the accused or any other person who might be affected by your decision. *It is, in other words, a real doubt, an honest doubt, a doubt that has . . . its foundation in the evidence or lack of evidence.* It is doubt that is honestly entertained and is reasonable in light of the evidence after a fair comparison and careful examination of the entire evidence." (Emphasis added.)

The defendant claims that the following portions of that instruction constitute plain error: that reasonable doubt "is not a surmise, a guess or mere conjecture"; that "[i]t is such a doubt as in serious affairs that concern you, you would pay attention to; that is such a doubt as would cause reasonable men and women to hesitate to act upon it in matters of importance"; and that it is "a real doubt, an honest doubt, a doubt that has . . . its foundation in the evidence [or] lack of evidence." The defendant also claims that the cumulative effect of these portions of the instruction consti-

tutes plain error. We disagree.

"An appellate court addressing a claim of plain error first must determine if the error is indeed plain in the sense that it is patent [or] readily [discernible] on the face of a factually adequate record, [and] also . . . obvious in the sense of not debatable. . . . This determination clearly requires a review of the plain error claim presented in light of the record. Although a complete record and an obvious error are prerequisites for plain error review, they are not, of themselves, sufficient for its application. . . . [T]he plain error doctrine is reserved for truly extraordinary situations [in which] the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . [I]n addition to examining the patent nature of the error, the reviewing court must examine that error for the grievousness of its consequences in order to determine whether reversal under the plain error doctrine is appropriate. A party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice. . . . [Previously], we described the two-pronged nature of the plain error doctrine: [An appellant] cannot prevail under [the plain error doctrine] . . . unless he demonstrates that the claimed error is both so clear and so harmful that a failure to reverse the judgment would result in manifest injustice. . . .

"It is axiomatic that, [t]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment . . . for reasons of policy. . . . Put another way, plain error review is reserved for only the most egregious errors. When an error of such a magnitude exists, it necessitates reversal." (Citations omitted; emphasis omitted; footnote omitted; internal quotation marks omitted.) *State* v. *McClain*, supra, 324 Conn. 812–14.

After reviewing the defendant's claim against this standard, we conclude that it is without merit because it is well settled that the trial court's instruction on reasonable doubt did not constitute plain error, let alone error. In fact, our Supreme Court has consistently upheld instructions with language similar to the portions of the instruction that the defendant challenges here. See, e.g., *State* v. *Coward*, 292 Conn. 296, 317, 972 A.2d 691 (2009) (rejecting challenges to instruction that reasonable doubt is "a real doubt, an honest doubt" and "the kind of doubt which, in serious affairs which concern you in everyday life, you would pay heed and attention to" [internal quotation marks omitted]); *State* v. *Davis*, 283 Conn. 280, 332, 929 A.2d 278 (2007) (rejecting challenges to instruction that reasonable

doubt is not "a surmise, a guess or a conjecture" and "a real or honest doubt" [internal quotation marks omitted]); *State* v. *Ross*, 269 Conn. 213, 335, 849 A.2d 648 (2004) (rejecting challenges to instruction that reasonable doubt "is such a doubt as would cause reasonable men and women to hesitate to act upon it in matters of importance" and "a real doubt, an honest doubt" [internal quotation marks omitted]); *State* v. *Ferguson*, 260 Conn. 339, 369–71, 796 A.2d 1118 (2002) (rejecting challenge to instruction that reasonable doubt is "a real doubt," "an honest doubt," and "such a doubt that as in the serious affairs of everyday life you would pay heed to" [internal quotation marks omitted]); *State* v. *Lemoine*, 256 Conn. 193, 201–204, 770 A.2d 491 (2001) (rejecting challenges to instruction that reasonable doubt is "more than a guess or surmise" and "a real doubt, an honest doubt, a doubt which has its foundation in the evidence or lack of evidence" [internal quotation marks omitted]); *State* v. *Velasco*, 253 Conn. 210, 246–49, 751 A.2d 800 (2000) (rejecting challenge to instruction that reasonable doubt is "a real doubt, an honest doubt, a doubt which has its foundation in the evidence or lack of evidence" [internal quotation marks omitted]); *State* v. *Griffin*, 253 Conn. 195, 204–205, 749 A.2d 1192 (2000) (rejecting challenges to instruction that reasonable doubt is "not a surmise, a guess or mere conjecture," "a real doubt, an honest doubt, a doubt that has its foundations in the evidence or lack of evidence," and "such a doubt, as in serious affairs that concern you, you would heed, that is, such a doubt as would cause reasonable men and women to act in matters of importance" [internal quotation marks omitted]). "It is axiomatic that we are bound by our Supreme Court precedent." (Internal quotation marks omitted.) *State* v. *Colon*, 71 Conn. App. 217, 246, 800 A.2d 1268, cert. denied, 261 Conn. 934, 806 A.2d 1067 (2002).

Furthermore, we reject the defendant's claim that even if the individual portions of the instruction were not erroneous, their cumulative effect constituted plain error. The defendant relies on *Gaines* v. *Kelly*, 202 F.3d 598, 607 (2d Cir. 2000), as support for the notion that several components that individually are not error can be aggregated to create error, but our Supreme Court, citing *State* v. *Harris*, 182 Conn. 220, 230–33, 438 A.2d 38 (1980), rejected the cumulative error approach regarding claims of instructional error in *State* v. *Tillman*, 220 Conn. 487, 505, 600 A.2d 738 (1991), cert. denied, 505 U.S. 1207, 1125 S. Ct. 3000, 120 L. Ed. 2d 876 (1992). In addition, this court previously has rejected arguments to "abandon our Supreme Court precedent [in *Tillman*] and adopt the cumulative error approach followed by the United States Court of Appeals for the Second Circuit [in *Gaines*]." *State* v. *Billie*, 123 Conn. App. 690, 705–706, 2 A.3d 1034 (2010). "Whether a Supreme Court holding should be reevaluated and possibly discarded is not for this court to decide." (Internal

quotation marks omitted.) Id., 706.

On the basis of our Supreme Court's precedent, we conclude that it is not debatable that the instruction on reasonable doubt given by the trial court in the present case did not constitute plain error, let alone error. Therefore, our inquiry ends there, and we do not address any claim of manifest injustice.

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.